UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GREGORY J. AVEDISIAN and,<br>LINDA J. AVEDISIAN,<br>　　　　　Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br>AND U.S. BANK, NA, SUCCESSOR<br>TRUSTEE TO LASALLE BANK NATIONAL<br>ASSOCIATION, ON BEHALF OF THE<br>HOLDERS OF BEAR STEARNS ASSET<br>BACKED SECURITIES I TRUST 2005-HE10<br>ASSET BACK CERTIFICATES SERIES<br>2005-HE10,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No.: 1:16-cv-00654-S-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR EMERGENCY MOTION FOR TEMPORARY INJUNCTION

Plaintiffs Gregory and Linda Avedisian ("Plaintiffs" or "Avedisian") state no factual or legal basis for stopping, or even challenging, a foreclosure sale of the property located 354 West Beach Road, Charlestown (the "Property") scheduled for December 21, 2016. Plaintiffs are not lawfully entitled to any loss mitigation upon default of their mortgage loan. Plaintiffs have no enforceable right to pursue a short sale of the Property, and to force over $400,000 in debt reduction.[1] Plaintiffs fail to articulate with specificity any violation of law that would require termination of the foreclosure sale. Defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A., as Successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2005-HE10 Asset-Backed Certificates Series 2005-HE10 (the "Trustee" and collectively "Defendants"), hereby oppose any emergency relief. In further opposition, Defendants state as follows:

---

[1] "In a short sale, the lender agrees to allow the borrower to sell the house for less than he owes on the mortgage." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 69 n.3 (1st Cir. 2014).

1. On April 14, 2005, Plaintiffs signed a promissory note in favor of original lender First Horizon Home Loan Corporation in the principal amount of $542,000 (the "Note"). (**Tab A**). Plaintiffs also executed and delivered a mortgage securing the Note (the "Mortgage"). (**Tab B**). First Horizon subsequently executed an Allonge to Note in blank. (**Tab A**). On June 1, 2005, First Horizon assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), and an assignment was recorded with the Land Evidence Records. (**Tab C**). On August 14, 2015, MERS executed a Corporate Assignment of Mortgage to convey the Mortgage to the Trustee, which assignment was recorded in the Land Evidence Records. (**Tab D**). Accordingly, the Trustee currently holds the Note and is the record owner of the Mortgage.

2. Plaintiffs admittedly defaulted under the Note, and the Trustee through its authorized servicer SPS sought to enforce Plaintiffs' obligations. Plaintiff sought loss mitigation including through a loan modification, which was denied. The process ran its course, and SPS advised Plaintiffs generally of the ability to apply for further loss mitigation review, including in the form of a possible short sale of the Property. SPS never promised short sale review or approval, but rather provided Plaintiffs further information about other possible loss mitigation avenues. SPS, on behalf of the Trustee, also commenced foreclosure of the Mortgage given Plaintiffs' default.

3. Plaintiffs never submitted an application for a short sale for review by SPS. Rather, on December 15, 2016, counsel for Plaintiffs contacted counsel for SPS and advised that Plaintiffs wanted to pursue a sale of the Property to a third-party purchaser in lieu of the foreclosure sale scheduled for December 21, 2016. Counsel for Plaintiffs indicated that Plaintiffs had a pending application for a short sale with SPS, and that Plaintiffs had identified a proposed purchaser. Counsel for SPS asked for a copy of the application materials and the sales

contract documents, as no adjournment of the foreclosure sale could even be considered without additional information. Counsel for Plaintiffs said that he understood and would immediately provide the documents. Plaintiffs eventually sent the information the next day. On December 16, 2016, Plaintiffs' counsel forwarded proposed purchase and sale documents to counsel for SPS as confirmation of the prior telephone conversation. (**Tab E**). However, Plaintiffs did not produce a short sale application. Plaintiffs only sent a listing agreement with a real estate broker, and a purchase and sale agreement. Plaintiffs proposed to sell the Property for $250,000. The current balance due and owing on the Note is approximately $714,000. (**Tab F**). Plaintiffs' proposed write-off of the debt owed in the amount of in excess of $460,000 to achieve the proposed sale to avoid foreclosure is unreasonable

4. Plaintiffs are not entitled to a restraining order to stop the foreclosure sale, and a judicial order to enforce a short sale with the proposed third-party purchaser. No enforceable short sale agreement exists, and Plaintiffs have not even formally applied for short sale approval. Plaintiffs state no legal basis for the remedy of specific performance against the Trustee to force the Trustee to approve a short sale. Plaintiffs vague reliance on "Regulation X" does not warrant injunctive relief stopping the foreclosure sale. Plaintiffs state no basis for a judicial order compelling the Trustee to modify significantly the terms and conditions of the defaulted Note and Mortgage, and to accept a payment in satisfaction of the debt in an amount dramatically less than the outstanding balance due and owing through a short sale.

5. Plaintiffs have no right to a short sale, and Defendants have no legal duty to grant any loss mitigation upon default. MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 49-494 (1st Cir. 2013) (no duty to modify or consider modifying mortgage prior to foreclosure where no such obligation exists in the mortgage). The mere fact that Plaintiffs want or hope for short sale

approval is not actionable, and the generic claim of bad faith does not state a claim. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 92-93 (1st Cir. 2014) (affirming dismissal of claim for lack of good faith where plaintiff only alleged that lender promised to consider request for a loan modification). See also Nash v. GMAC Mortgage, LLC, 2011 WL 2470645, at *10 (D. R.I. May 18, 2011) (citations omitted) (rejecting various claims based upon failure or refusal to modify a loan); FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 100-101 (1st Cir. 2009) (creditor did not violate obligation of good faith by refusing to modify defaulted loan, noting, "When the borrower is in default, that necessarily alters the contours of the covenant of good faith and fair dealing."). Plaintiffs fail to establish any plausible claim where they cannot establish that they absolutely would have or should have been approved for a modification of the mortgage loan through a short sale. See Gamez v. Select Portfolio Servicing, Inc., C.A. No. 1:14-cv-14121-IT (D.Mass. Feb. 24, 2016) (citing and quoting Edwards v. Aurora Loan Servs., LLC, 791 F. Supp. 2d 144, 151 (D.D.C. 2011) ("Plaintiffs' receipt of a HAMP modification is subject to a series of wholly discretionary decisions. . . .[I]f the loan is investor-owned, the investors must agree to permit modification").

6. Plaintiffs fail to state a quiet title claim to support the remedy of a forced short sale. Proof of legal title to property is an essential element of a quiet title action. See Lister v. Bank of America, N.A., 790 F.3d 20, 24-26 (1st Cir, 2015) (citations omitted). Unless and until the mortgage has been extinguished, a mortgagor holds no legal title to property necessary to challenge a mortgage of record through an action to quiet title. Lister, 790 F.3d at 24-26. Plaintiffs concede that the mortgage loan is in default, which is why Plaintiffs seek to force the Trustee to complete a short sale to avoid a foreclosure. Plaintiffs, therefore, cannot maintain a quiet title action to challenge the Trustee's right to enforce the Mortgage.

6. Although Plaintiffs now challenge the Trustee's authority as current holder of the Note and Mortgage, tellingly, Plaintiffs unsuccessfully completed the loan modification review process with the Trustee and SPS, thus recognizing the rights of the Trustee under the Note and Mortgage. Plaintiffs are estopped from contesting the Trustee's right and authority to enforce the Note and Mortgage, including though foreclosure. See Barrasso v. New Century Mortgage Corp., 2015 WL 1880559, at * 8 (Mass. Land Ct. April 14, 2015) (Plaintiff estopped from denying the validity of a mortgage assignment and power to foreclose where Plaintiff entered into a previous loan modification agreement with foreclosing mortgagee). Plaintiffs do not assert that any party other than the Trustee has sought to enforce the Mortgage. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354, 356 n. 6 (1st Cir. 2013) ("We note also that Woods has stopped paying her mortgage and no financial institution other than Wells Fargo has sought to take action on account of that breach."). Plaintiffs' various legal challenges to the Trustee's power to foreclose fail for the same reasons rejected in prior opinions. The Trustee, as the holder of the Allonge endorsed in blank, holds all rights to enforce the Note. Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 533 (R.I. 2013). See also Ingram v. Mortgage Electronic Registration Systems, Inc., 94 A.3d 523, 528-529 (R.I. 2014). The mortgage assignments of record establish a complete chain of title to the Mortgage from the original mortgagee to the Trustees. Plaintiffs have no standing to raise latent defects in the assignment process, where such deficiencies would render the assignment merely voidable and not void. See Cruz v. Mortgage Electronic Registration Systems, Inc., 108 A.3d 992, 997-998 (R.I. 2015) (citing and quoting Wilson v. HSBC Mortgage Services, Inc., 744 F.3d 1, 9 (1st Cir.2014)).

## **CONCLUSION**

For the foregoing reasons, Defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A., as Successor Trustee, request this Court to deny Plaintiffs' motion for emergency temporary restraining order.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A., AS SUCCESSOR TRUSTEE,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  December 19, 2016

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants as well as to counsel of record in the state court proceedings:

                Corey J. Allard
                P.O. Box 28263
                Providence, RI  02903

                /s/ Peter F. Carr, II
                Peter F. Carr, II

Dated:  December 19, 2016