UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Gregory J. Avedisian and
Linda J. Avedisian

VS.                                                                C.A. NO. 16-cv-00654-S

Select Portfolio Servicing, Inc. and
U.S. Bank, NA, successor trustee to
LaSalle Bank National Association, on
Behalf of the Holders of Bear Stearns
Asset Backed Securities I Trust 2005-HE10
Asset-Backed Certificates Series 2005-HE10

## AMENDED COMPLAINT

### Parties

1. Plaintiff(s) Gregory J. Avedisian and Linda J. Avedisian (hereinafter referred to as "Avedisian") is a resident of the State of Rhode Island. The subject property is located at 354 West Beach Road, Charlestown, RI.

2. Select Portfolio Servicing, Inc ("SPS") has a mailing address of 3815 South West Temple, Salt Lake City, UT 84115. SPS was the alleged loan Servicer

3. U.S. Bank, NA, successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2005-HE10 Asset-Backed Certificates Series 2005-HE10 ("US BANK") has a mailing address of 3815 South West Temple, Salt Lake City, UT 84115. US BANK was the alleged foreclosing entity.

### Jurisdiction

4. The amount in controversy is sufficient to invoke the jurisdiction of this Court.

5. The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

6. All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

7. This Court has subjected matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a. The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the Superior Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from foreclosing on the subject property.

    b. The provisions of the Declaratory Judgment Act, R.I.G.L. §9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, power of attorneys, and deed. Plaintiff asks that the foreclosure deed, the alleged assignments, and power of attorney, or lack thereof, and mortgage deed be declared invalid.

## Facts

8. On or about April 14, 2005, Avedisian entered into a loan arrangement with First Horizon Home Loan Corporation through the execution of a purported promissory note made payable to First Horizon Home Loan Corporation.

9. On or about April 14, 2005, Avedisian entered into and executed a separate contractual Security Instrument ("Mortgage") with First Horizon Home Loan Corporation whereby at Paragraph 22 of the said Mortgage, she specifically granted the Power of Sale to "the Lender" whereby Plaintiff agreed to transfer a defeasible fee interest in the subject property to secure the promissory note.

10. In the mortgage the Lender is identified as First Horizon Home Loan Corporation.

11. On or about June 1, 2005, First Horizon Home Loan Corporation attempted to assign the subject mortgage to Mortgage Electronic Registration Systems, Inc.

12. The alleged assignment to Mortgage Electronic Registration Systems, Inc. is ineffective due to the fact that the note was never endorsed to Mortgage Electronic Registration Systems, Inc.

13. On or about August 14, 2015, Mortgage Electronic Registration Systems, Inc. attempted to assign the subject mortgage to US Bank.

14. The alleged assignment to US Bank is ineffective as the note was never endorsed to US Bank and the assignment was improperly signed and notarized.

15. On or about August 24, 2016, SPS and/or US Bank notified Avedisian that he was declined for a loan modification.

16. Within 30 days Avedisian filed an appeal of the denial noting that his income increased and that SPS and/or US Bank never conducted an interior inspection of the property for purposes of determining the property value.

17. SPS and/or US Bank did not revise or make any counteroffer concerning the modification.

18. SPS/ US Bank began to advertise the foreclosure sale while Avedisian still hadn't exhausted his administrative remedies in violation of Regulation X.

19. In response to a Consumer Financial Protection Bureau Complaint, SPS on November 4, 2016, SPS offered Avedisian the option of short sale or voluntary surrender of the property.

20. On or about December 1, 2016 and within 30 days of receiving the offer of the option to short sale, Avedisian submitted a short sale offer.

21. Upon information and belief, the short sale offer is still in negotiation.

22. US BANK has no standing to foreclose.

23. US Bank wrongly published the notice of sale without contractual or statutory authority.

24. The actions taken by US BANK are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property.

25. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

26. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

27. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

28. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

29. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

30. On or about August 10, 2016, Avedisian provided a complete modification package to SPS and/or US Bank.

31. Avedisian's modification package included all financial documents.

32. On or about August 24, 2016, SPS and/or US Bank closed out Avedisian's modification package and provided notice of his right to appeal.

33. As of August 24, 2016, Avedisian was compliant with all terms of the modification request.

34. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

## COUNT I
## Declaratory Judgment

35. The Plaintiff herein reincorporates paragraphs 1-34 as if they are fully articulated herein.

36. Defendant, SPS and/or US BANK failed to properly notice Avedisian of the default prior to noticing and advertising the foreclosure sale and failed to properly review Avedisian's modification package prior to noticing the foreclosure sale.

37. Avedisian owns the subject property.

38. Plaintiff is being irreparably harmed by the actions of Defendant.

39. Plaintiff has no other remedy at law but to seek the relief requested herein.

**WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the

Uniform Declaratory Judgment Act, as follows:

   a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
   b. That the Court finds that Plaintiff owns the property as a matter of law.
   c. That the foreclosure sale be voided.
   d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
   e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
   f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
   g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
   h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
   i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

/s/ Corey J. Allard, Esq.

Corey J. Allard, Esq. #7476
PO Box 28263
Providence, RI 02903
(401)338-6381

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-4

40. The Plaintiff herein reincorporates paragraphs 1-39 as if they are articulated herein.

41. The real estate at issue is a residential property located at 354 West Beach Road, Charlestown, RI.

42. US Bank or its successors claim to have the right to foreclose on the property. The address of US Bank is set forth hereinabove.

43. Plaintiff purchased the property on November 24, 1998.

44. US Bank or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiffs pray for the following relief:
    a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
    b. That the Court finds that Plaintiff owns the property as a matter of law.
    c. That the Court order any foreclosure sale voided.
    d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
    e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiff
                                By their Attorneys,

                                /s/ Corey J. Allard, Esq.
                                _____
                                Corey J. Allard, Esq.  #7476
                                PO Box 28263
                                Providence, RI 02903
                                (401)338-6381

## COUNT III
## Violation of the Rhode Island Fair Debt Collections Practices Act

45.     The Plaintiff herein reincorporates paragraphs 1-44 as if they are articulated herein.

46.     SPS and/or US BANK violated R.I.G.L. 10-14.9-8(f)(1) by taking or threatening to take nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security agreement.

47.     SPS and/or US BANK acted fraudulently and in violation of Federal and OCC regulations relative to modifications and foreclosures.

**WHEREFORE**, Plaintiffs pray for all damages allowable in tort or otherwise allowable by this Court for the transgressions bt the Defendants, actual damages, reasonable attorney's fees and expert fees and damages, relief in equity and such further and additional relief as it deems appropriate and just.

                                Plaintiff
                                By their Attorneys,

                                /s/ Corey J. Allard, Esq.
                                _____
                                Corey J. Allard, Esq. #7476
                                PO Box 28263
                                Providence, RI 02903
                                (401)338-6381

## COUNT IV
## Bad Faith- Short Sale

48. The Plaintiff(s) herein reincorporates paragraphs 1-47 as if they are fully articulated herein.

49. SPS and/or US Bank received Avedisian's short sale request over 30 days prior to the foreclosure sale.

50. In bad faith, SPS and/or US Bank attempted to foreclose on Avedisian despite an ongoing administrative review process of his loan modification and despite offering Avedisian to short sale the property in their response to his appeal and complaint.

51. SPS and/or US Bank acted in bad faith in failing to allow Avedisian sufficient time to market the property for sale after modification rejection and adequately review Avedisian's short sale request request despite having a completed financial package and prior to advertising the foreclosure sale.

**WHEREFORE, Plaintiff prays for all damages allowable in tort or otherwise allowable by this Court for the transgressions by the Defendants, actual damages, reasonable attorney's fees and expert fees and damages, relief in equity and such further and additional relief as it deems appropriate and just.**

                                                Plaintiff
                                                By their Attorneys,

                                                /s/ Corey J. Allard, Esq.

                                                Corey J. Allard, Esq. #7476
                                                PO Box 28263
                                                Providence, RI 02903
                                                (401)338-6381

## Count V- Restraining Order

52. The Plaintiff(s) herein reincorporates paragraphs 1-50 as if they are fully articulated herein.

53. Since SPS and/or US Bank failed to send Avedisian an updated default letter, the terms of the mortgage were not complied and the foreclosure sale is illegal. Avedisian has a likelihood of success on the merits.

54. SPS and/or US Bank failed to provide Avedisian an opportunity to list the property for short sale after all of Avedisian's administrative remedies regarding the loan modification were exhausted.

55. Avedisian will be irreparably harmed by the foreclosure sale as he will not be able to short sale the property, suffer negative impact to his credit, and have his military clearances threatened. Furthermore, real estate, by its very nature is unique in its nature and character.

56. Injunctive relief will preserve the status quo and provide Avedisian an ability to short sale the property.

57. The public interest is served in allowing a property owner reasonable notice of default and reasonable amount of time to short sale a property prior to foreclosure sale.

**WHEREFORE, Plaintiff prays that a preliminary injunction issue restraining Defendant from foreclosing on the property on November 21, 2016.**

                                              Plaintiff
                                              By their Attorneys,

                                              /s/ Corey J. Allard, Esq.

                                              Corey J. Allard, Esq. #7476
                                              PO Box 28263
                                              Providence, RI 02903
                                              (401)338-6381

Dated: February 24, 2017

**The Plaintiffs Demand a Trial by Jury.**

**Certification**

**I hereby certified that the within was e-filed using the CM/ECF system on February 24, 2017.**

**/s/ Corey J. Allard, Esq.**